# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

WILLIAM LEE GRANT, II,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　No. 4:19-CV- 2927 JAR
　　　　　　　　　　　　　　　　　　)
STATE OF ILLINOIS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)

## MEMORANDUM AND ORDER

Plaintiff, William Lee Grant, seeks leave to proceed in forma pauperis in this civil action against the State of Illinois. After a review of plaintiff's financial affidavit, the Court will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. However, for the reasons set forth below, the Court will dismiss his complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

Plaintiff alleges a vast conspiracy in which he names the Office of the Secretary of Defense, the Missile Defense Agency, the State of Illinois, and the Special Collection Service as defendants. Plaintiff asserts constitutional violations under the Fourth, Fifth, Seventh, and Fourteenth Amendments of the U.S. Constitution, styled as: "What are the Ramifications of the DOD keeping Mr. Grant in Illinois for nearly thirty (30) years under the threat of military force?"

Plaintiff complains that President Ronald Reagan directed the Secretary of Defense and the Joint Chiefs of Staff "to create Mr. Grant to predict future nuclear strikes." He further alleges that he was taken to Springfield, Illinois, where he was "beaten; endure[d] psychological warfare; and to be the U.S. Department of Defense's witness to the 9/11 terrorist attacks," and was illegally surveilled by the U.S. Attorney's Office for the District of Central Illinois." He further alleges that the government surveillance resulted in interference with his medical care and a false driving under the influence charge and forced him to "act gay" under threat of sexual violence. Plaintiff also asserts that he worked for the State of Illinois, but his employment was fraught with difficulties and ended in him "blacklisted."

Plaintiff makes vast allegations against numerous government officials and agencies. He alleges that he has been sexually assaulted by several people at the direction of an Assistant U.S. Attorney. He also alleges a variety of political and government conspiracy theories citing numerous local, state, and federal government officials and agencies, including the Central Intelligence Agency, the National Security Agency, and the Missile Defense Agency. Plaintiff also alleges a variety of celebrity and international conspiracy theories including, but not limited to, those surrounding British royalty, Suge Knight, O.J. Simpson, President Bill Clinton and Kurt Cobain, and discusses the genitals of several public figures. For relief, plaintiff seeks $99 trillion.

From the complaint and supporting documents, plaintiff's claims are clearly frivolous.

Plaintiff provides no factual basis whatsoever in support of his claims for espionage and

conspiracy, which are patently absurd and unsupported by any colorable legal theory. Indeed,

this case appears to be part of a pattern of abusive litigation tactics plaintiff has engaged in all

over the United States.[1] Thus, the Court finds that plaintiff's complaint is frivolous and fails to

state viable legal claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.

#2] is **GRANTED**.

---

[1]The Court takes judicial notice that a search of District Court filings from plaintiff returns 132 case filings. These filings feature the same or similar defendants across the country, including the District Courts of Alaska, Massachusetts, Tennessee, California, Colorado, Hawaii, Virginia, Utah, Maryland, Florida, Guam, the Northern Mariana Islands, North Carolina, Rhode Island, the Virgin Islands, Texas, District of Columbia, New York and Nebraska. *See, e.g., Grant, II v. U.S. Dept. of Defense et al.,* Case No. 3:19-cv-00979 (S.D. Ill. 2019); *Grant v. U.S. Dept. of Defense,* Case No. 3:19-cv-00332 (S.D. Ill. 2019); *Grant v. Office of the Illinois Governor,* Case No. 3:19-cv-03025 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.,* Case No. 3:19-cv-03020 (C.D. 2019); *Grant v. Dunford et al.,* Case No. 3:19-cv-03016 (C.D. Ill. 2019); *Grant v. Dunford et al.,* Case No. 3:19-cv-03019 (C.D. Ill. 2019); *Grant v. Mattis et al.,* Case No. 3:19-cv-03018 (C.D. Ill. 2019); *Grant v. Harris et al.,* Case No. 3:19-cv-03017 (C.D. Ill. 2019); *Grant v. Harris et al.,* Case No. 3:19-cv-03015 (C.D. Ill. 2019); *Grant v. Mattis et al.,* Case No. 3:19-cv-03014 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.,* Case No. 3:19-cv-03001 (C.D. 2019); *Grant v. US Department of Defense,* Case No. 3:18-cv-03189 (C.D. Ill. 2018); *Grant v. US Department of Defense,* Case No. 3:18-cv-03131 (C.D. Ill. 2019); *Grant v. US Department of Transportation et al.,* Case No. 3:18-cv-03130 (C.D. Ill. 2018); *Grant v. Office of the Illinois Governor,* Case No. 3:18-cv-03073 (C.D. Ill. 2018); *Grant v. Illinois Department of Employment Security,* Case No. 3:18-cv-03054 (C.D. Ill. 2018); *Grant v. Kabaker et al.,* Case No. 3:17-cv-03302 (C.D. Ill. 2017); *Grant v. U.S. Department of Justice,* Case No. 3:17-cv-03274 (C.D. Ill. 2017); *Grant, II v. U.S. Department of Justice,* Case No. 3:17-cv-01257 (S.D. Ill. 2017); *Grant v. Kabaker et al.,* Case No. 3:17-cv-03261 (C.D. Ill. 2017); *Grant v. Kabaker et al.,* Case No. 3:17-cv-03257 (C.D. Ill. 2017); *Grant v. Kabaker et al.,* Case No. 1:17-cv-07092 (N.D. Ill. 2017); *Grant v. Illinois Department of Employment Security,* Case No. 3:17-cv-03207 (C.D. Ill. 2017); *Grant v. State of Illinois,* Case No. 3:17-cv-03206 (C.D. Ill. 2017); *Grant v. Illinois Department of Transportation,* Case No. 3:17-cv-03203 (C.D. Ill. 2017).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of November, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE